J. W. TROUTMAN *et al.* v. CLARA B. BEHOTEGUY.
**No. 13,604.** (76 Pac. 446.)

### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Effect of Demurrer to Evidence Sustained as to One Defense Only.* Where an answer contains several defenses, and at the conclusion of defendant's evidence the plaintiff interposes a demurrer, and the court sustains it as to one defense and overrules it as to the others, *held*, that this does not withdraw from the jury any evidence which *is* applicable to the remaining defenses.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed April 9, 1904. Affirmed.

*Kellogg & Madden*, for plaintiffs in error.
*Graves & Hamer*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This action was brought to recover a personal judgment on a promissory note and to foreclose a real-estate mortgage. Judgment was for plaintiff. The note and mortgage were given by plaintiffs in error, defendants below, to Alexander Scott, the father of Mrs. Troutman, and by him assigned or indorsed to the defendant in error, plaintiff below. The cause was tried as if the note were nonnegotiable and we shall so treat it. The defendants pleaded an oral agreement between the original payee and themselves by the condition of which the makers were not required to pay the principal of the note, but only the interest annually, and that there was a mutual mistake in executing these papers in not inserting this agreement. By way of cross-petition, as a set-off they pleaded that at the request of Alexander Scott they had performed services on his ranch in

Lyon county for a period of five years, which services were worth $6200 ; that at the time of the execution of the note and mortgage these services and their value were discussed ; that Scott recognized this claim and agreed that it should be paid by not requiring the defendants to pay the note.  Replies were filed to this pleading.

When the defendants had introduced their evidence, plaintiff filed a general demurrer thereto, which was sustained as to the first defense and overruled as to the second, or cross-petition.  It is contended that the court erred in sustaining this demurrer in part, or to the first defense ; that, as the demurrer was general, to sustain it as to the first defense withdrew from the consideration of the jury all the evidence tending to support that defense, much of which was in its nature especially applicable to, and strongly supported, the allegations of their cross-petition.  There is no merit in this contention.  It is not contended that it would have been error had the court sustained a separate demurrer to such evidence.  Where several causes of action or several defenses are pleaded, and on the trial a demurrer is interposed to the evidence in support of any of the several causes of action or defenses, and such demurrer is sustained to the evidence in support of one of them and overruled as to the others, this does not withdraw from the consideration of the jury any evidence tending to support any of the remaining causes of action or defenses.  The result is the same as if separate demurrers had been interposed to the evidence of each of such causes or defenses and had been sustained to one and overruled as to the others.  All the evidence introduced on the trial remained in the case to be applied by the

jury to all issues submitted to it to which such evidence was applicable.

The second contention is that the court erred in giving the first, second and fifth instructions. The first instruction is a general statement of the issues and the particular contentions of the parties are fully and fairly made. The other instructions of which complaint is made are as follows:

"2. Now, as to these matters in their order: If the claim of the plaintiff is true, and the claim of the Troutmans is not sustained, your verdict must be for the plaintiff for the whole amount of the mortgage debt, with interest thereon at six per cent. from the time it fell due, to wit, after sixty days after the first interest payment was due and payable thereon and was not paid."

"5. There is no evidence before you justifying you in considering the question of mutual mistake in the omission of any of the terms of the alleged oral contract from the writing, and hence, you will not consider that question."

The specific objection is that by these instructions the jury were in effect told to find for the plaintiff. There is no such expression in the instructions, nor can such an inference be fairly drawn therefrom.

It is contended that a part of the third instruction was erroneous and prejudicial in that it limited the defendants in proving the allegations of their cross-petition to evidence that Scott recognized and agreed to pay such indebtedness in the manner claimed at the time the note and mortgage were executed. This is not a fair or just application of the instruction, in view of the questions to which it was directed. Plaintiff contended that defendants could not contradict the terms of the note and mortgage by oral evidence tending to prove that the conditions therein expressed

were only to be partially performed, or that the debt was not to be paid as therein expressed. It was this question the court evidently had in mind when it gave that part of the instruction. However this may be, the court stated the claim of the defendants exactly.

It is claimed that the court erred in excluding certain testimony offered on rebuttal. The record shows that this evidence had all been given in chief. There was, therefore, no error in refusing to permit it to be repeated upon rebuttal.

The judgment is affirmed.

All the Justices concurring.